**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-cr-437-1 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MAURICE MONTGOMERY, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 13, 2025,[1] defendant Maurice Montgomery, Jr. ("Montgomery") filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the ground that his state sentence was to run concurrently with his federal term of incarceration. (Doc. No. 55 (§ 2255 Motion), at 4.) Now before the Court is the motion of plaintiff United States of America (the "government") to dismiss the § 2255 Motion. (Doc. No. 58 (Motion to Dismiss).) Montgomery filed an opposition to the motion to dismiss. (Doc. No. 60 (Response).) Because the Court lacks jurisdiction over Montgomery's challenge to the execution of his sentence, the § 2255 Motion is dismissed without prejudice.

---

[1] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion to vacate is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). While the § 2255 Motion was filed on the docket on March 4, 2025, Montgomery represents that it was placed in the prison mailing system on February 13, 2025. (Doc. No. 55, at 12 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).)

## I. BACKGROUND

On May 31, 2018, the Court sentenced Montgomery to a custody term of 117 months, followed by 5 years of supervised release, as a result his guilty plea to bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (2) and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. No. 48 (Judgment); Minutes of Proceedings [non-document], 5/31/2018; *see* Doc. No. 35 (Plea Agreement); Doc. No. 1 (Indictment).) Specifically, the Court's judgment provided for a custody term of 33 months for the robbery conviction and 84 months for the firearm conviction, to be served consecutively, for an aggregate term of 117 months. (Doc. No. 48, at 2.) The Court's judgment made no reference to any state court sentence, existing or yet to be rendered.

On June 11, 2018, the Cuyahoga County Court of Common Pleas sentenced Montgomery to a custody term of 75 months for burglary, failure to comply with the order or signal of a police officer, receiving stolen property, robbery, theft, and carrying concealed weapons. (C.C.C.P. Nos. 17-624206-A, 17-621776-A, 17-616033, 17-6160000). The state court ordered that the state sentence was "to run concurrent to federal case #1:17-CR-00437-SL-1." (Online Docket C.C.C.P.)[2] According to the website for the Ohio Department of Rehabilitation and Corrections ("DRC"), Montgomery has completed his state sentence and is currently serving a term of supervision by the Ohio Adult Parole Authority. (Doc. No. 58, at 3 (citing DRC website).)

Montgomery is now in federal custody serving this Court's sentence. The website for the Federal Bureau of Prisons ("BOP") indicates that Montgomery is serving his federal sentence at FCI Allenwood Medium, in White Deer, Pennsylvania, and he has an anticipated release date of

---

[2] (State Docket, C.C.C.P. Case No. CR-17-624206-A, last visited 6/30/2025.)

July 20, 2032. (https://www.bop.gov/inmateloc/, last visited 7/11/2025.)

In the § 2255 Motion, Montgomery complains that his state sentence was to "run with [his] federal" sentence (Doc. No. 55, at 4), and that by the time he realized that his "sentence was incorrect, it was to[o] late[.]" (*Id*. at 5.) This error, he claims, is keeping him from being transferred to a halfway house. (*Id*. at 6.)

II.     LAW AND DISCUSSION

Montgomery seeks relief under the wrong vehicle. Where a prisoner is attacking the manner or execution of his sentence, rather than alleging that the sentence was imposed in violation of the Constitution or federal law, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, 28 U.S.C. § 2255 "does not apply."[3] *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (citing *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980)). Instead, a challenge to the execution of a sentence, as is presented here, is properly cognizable in a habeas petition under 28 U.S.C. § 2241(a). *Id*.; *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (holding that § 2255

---

[3] To the extent Montgomery's motion to vacate could be liberally construed as raising a claim of ineffective assistance of counsel under § 2255 for failing to obtain a federal sentence that ran concurrent with a yet-to-be announced state sentence (*see* Doc. No. 55, at 6), it would be time-barred. The "one-year period of limitation" for a defendant to file a § 2255 motion begins to run from the latest of four triggering events. 28 U.S.C. § 2255(f). Because Montgomery did not file an appeal, the one-year limitations period began to run 14 days after the Court issued its judgment on May 31, 2018. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quotation marks and citation omitted); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Accordingly, Montgomery was required to file his § 2255 motion by June 14, 2019. Instead, he filed the present motion almost six years after the deadline. Moreover, he fails to allege any facts that would warrant tolling of the statute of limitations. Montgomery refers generally to his age, his unfamiliarity with the law, and his *pro se* status. However, these conditions are insufficient bases for the application of equitable tolling of the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 402–03 (6th Cir. 2004) (The language of the statute is clear enough to place even a *pro se* petitioner on notice of the filing limitations.); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) (the "ADEPA's clear provisions" give constructive notice of the statutory filing deadline).

"is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served" (citing *Jaili*, 925 F.2d at 893–84)).

A § 2241 petition must be filed in the district of confinement, which, in the present case, is the Middle District of Pennsylvania. *See McCain v. Webb*, 62 F. App'x 596, 598 (6th Cir. 2003) ("A petition under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian is the proper remedy for a prisoner requesting relief from the execution of a federal sentence."); *see, e.g., Wood v. Brown*, 2:20-cv-125761, 2021 WL 2311930, at *5 (E.D. Mich. June 7, 2021) ("Petitioner's motion to have his federal sentence run concurrently with his state sentence challenges the manner in which his federal sentence is being served with his state conviction and can only be brought in the federal district having jurisdiction over his custodian, which in this case is the Western District of Michigan." (citing *Norris v. United States*, No. 19-6030, 2020 WL 1181972, at *3 (6th Cir. Feb. 6, 2020)).

Normally, the Court would transfer the case to the appropriate district, but transfer to the district where Montgomery is confined would be inappropriate because Montgomery has not shown that he has exhausted his administrative remedies regarding the execution of his sentence, a necessary prerequisite to seeking judicial review of the BOP's calculation of a federal sentence. *See Ores v. Warden, FCI Texarkana*, 50 F.3d 10 (Table), 1995 WL 113825, at *1 (6th Cir. Mar. 16, 1995) (district court did not abuse its discretion in refusing to transfer case challenging sentencing credit to jurisdiction of confinement where petitioner did not demonstrate exhaustion of administrative remedies (citing, among authority, *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992))); 28 C.F.R. § 542.10–16; *see also Gay v. Fed. Bureau of Prisons*, No.

3:21-cv-933, 2022 WL 1432554, at *2 (M.D. Tenn. May 5, 2022) (describing the procedure for exhausting remedies through the BOP administrative grievance process).

### III. CONCLUSION

Because the Court lacks jurisdiction over Montgomery's challenge to the execution of his sentence, the government's motion to dismiss is GRANTED and Montgomery's § 2255 Motion is DISMISSED WITHOUT PREJUDICE so that, after he has exhausted his administrative remedies (if he has not already done so), he may file a petition under 28 U.S.C. § 2241 in the judicial district where he is serving his sentence.[4]

**IT IS SO ORDERED**.

Dated: July 11, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[4] Though it is not entirely clear, Montgomery seems to suggest in his response to the government's motion to dismiss that he has already filed a § 2241 habeas petition in the Middle District of Pennsylvania, and that he is "waiting" on that court's response to his petition. (*See* Doc. No. 60, at 1.) If that is the case, Montgomery is already pursuing any available relief from the BOP's execution of his sentence in the appropriate court. To the extent he is asking *this* Court to "re-open [his] case and see that it clearly says" his state sentence was to run concurrently with his federal sentence (*see id*.), the Court is without authority to do so for the reasons already explained.